**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KANONIE HALL,** ) | **CASE NO. 1:13 CV 1793** |
| ) | |
| **Plaintiff,** ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **v.** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **ECDI,** ) | |
| ) | |
| **Defendant.** ) | |

*Pro se* plaintiff Kanonie Hall filed the above captioned action under the Federal Truth in Lending Act (TILA), against ECDI (the "Economic and Community Development Institute"). In the complaint, plaintiff alleges he applied for, but was denied, a small business loan due to a past felony conviction. In support, plaintiff attached emails he received from ECDI indicating he was ineligible for its programs under Small Business Administration regulations. He seeks monetary relief. Plaintiff has also filed a motion to proceed *in forma pauperis*. For the reasons that follow, that motion is granted and this action is dismissed.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to

include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* , 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Even given the most liberal construction, the Complaint does not contain allegations remotely suggesting Plaintiff might have a valid federal claim, or even that there is a reasonable basis for this Court's jurisdiction.

Plaintiff alleges Defendant violated TILA, however, he fails to cite any specific provision of the Act that the Defendant allegedly violated. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief [,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Twombly*, 550 U.S. at 563. Plaintiff's allegation in the instant case fails to meet the requirements of Rule 8 because under that rule, the defendant "need not guess which provision of law Plaintiff is suing under, but instead must be put on fair notice of such allegation(s)." *Levine v. Citibank*, No. 07CV2032 WQH (CAB), 2008 WL 220282, at *3 (S.D. Cal. Jan. 24, 2008) (citing *Twombly*, 550 U.S. at 555).

This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). Accordingly, for all the

forgoing reasons, Plaintiff's motion to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

   IT IS SO ORDERED.

              /s/Donald C. Nugent
              DONALD C. NUGENT
              UNITED STATES DISTRICT JUDGE

Dated: _October 30, 2013__

---

[1] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."